# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**RAYMOND M. GONZALES,**

     **Petitioner,**

**v.**                                                              **Case No. 11-cv-0686 MCA/SMV**

**ERASMO BRAVO, Warden,**
**Guadalupe Correctional Facility, and**
**ATTORNEY GENERAL FOR THE**
**STATE OF NEW MEXICO,**

     **Respondents.**

## ORDER DENYING THIRD MOTION FOR APPOINTMENT OF COUNSEL AND RESERVING RULING ON MOTION FOR EVIDENTIARY HEARING

**THIS MATTER** is before the Court on Petitioner's [Third] Motion for Appointment of Counsel Request Counsel [sic] [Doc. 15] ("Motion") and on the requests for an evidentiary hearing in his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by Person in State Custody [Doc. 1] ("Petition") at 8, 11, 12, 14, 15. Because Petitioner is adequately presenting his claims, the Court finds that the Motion is not well-taken and will be denied. The Court reserves ruling on Petitioner's requests for an evidentiary hearing until the merits of the Petition are addressed.

### I.  Appointment of Counsel

Petitioner has moved for appointment of counsel twice before. Both motions were denied by the Honorable Don J. Svet, United States Magistrate Judge, on October 26, 2011. Judge Svet concluded that the underlying claims were not sufficiently complex or colorable to warrant appointment of counsel at that time. Order [Doc. 13].

There is no constitutional right to counsel in habeas proceedings. *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). Instead, whether to appoint of counsel is a matter left to the discretion of the court. *Swazo v. Wyo. Dep't of Corr.*, 23 F.3d 332, 333 (10th Cir. 1994). In so deciding, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). Ultimately, the burden is on the petitioner "to convince the court that there is sufficient merit to his claim to warrant appointment of counsel." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir 2004).

In the instant motion, Petitioner requests that counsel be appointed because of "the complexity of the Posse Comitatus Act" and because he says that the prison library has no books or computer with which to research the Posse Comitatus Act. Motion [Doc. 15] at 1. Petitioner also requests appointment of counsel to assist him in "pleading," "writing," and "clarify[ing]" his claims. *Id.* at 1–2.

The circumstances of the case have not changed since Judge Svet denied Petitioner's first two motions for appointment of counsel. Petitioner has adequately presented his claims. The purported limits on his ability to research the Posse Comitatus Act do not justify appointment of counsel. The Court, therefore, is not persuaded that there is sufficient merit or complexity in the Petition to warrant appointment of counsel at this time.

## II. Evidentiary Hearing

In Petitioner's Motion, he reminds the Court that he has "requested an evidentiary hearing." [Doc. 15] at 2. Generally, in determining whether to hold an evidentiary hearing, courts "review the

answer, any transcripts and records of state-court proceedings, and any material submitted under Rule 7." Rule 8(a), Rules Governing Section 2254 Cases in the United States District Court. Pending review of these materials, the Court reserves ruling on the Petitioner's request for an evidentiary hearing.

**IT IS THEREFORE ORDERED** that Petitioner's [Third] Motion for Appointment of Counsel Request Counsel [sic] [Doc. 15] is **DENIED**.

**IT IS FURTHER ORDERED** that ruling is **RESERVED** on Petitioner's request for an evidentiary hearing.

**IT IS SO ORDERED.**

_____
STEPHAN M. VIDMAR
United States Magistrate Judge