IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAYMOND M. GONZALES,

      Petitioner,

v.                                          No. 11-cv-0686 MCA/SMV

ERASMO BRAVO, Warden, Guadalupe County
Correctional Facility, and
ATT'Y GEN. OF THE STATE OF N.M.,

      Respondents.

<u>MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION</u>

THIS MATTER is before the Court on Respondents' Notice Re: State Court Proceedings and Motion for the Issuance of an Order to Show Cause to Petitioner [Doc. 27] ("Motion"), filed November 30, 2012, and Petitioner's Response to . . . Motion for the Issuance of an Order to Show Cause to Petitioner [Doc. 28] ("Response"), filed December 11, 2012.  Respondents requested that the Court order Petitioner to show cause why the stay and abeyance should not be lifted and his Petition should not be dismissed for failure diligently to exhaust state-court remedies.  Motion [Doc. 27] at 1.  Petitioner attempted to show good cause and explain the delay.  *See generally* Response [Doc. 28].[1]  The Court FINDS that Petitioner has unduly delayed in exhausting his state-court remedies and has failed to show good cause for the delay.  Accordingly, the Court RECOMMENDS lifting the stay and abeyance and ordering Petitioner to withdraw his unexhausted claims, or else dismissing the entire Petition without prejudice.

---

[1]   Because Petitioner filed a Response purporting to show good cause for his delay, the Court denied the Motion as moot.  Order Denying as Moot Respondents' Motion for Order to Show Cause [Doc. 29].

I.    **BACKGROUND**

Petitioner filed his federal habeas petition on August 4, 2011.  [Doc. 1].  The Petition raised five grounds for relief, which the Court now numbers Claims One through Five:

(1) His trial counsel was unconstitutionally ineffective by failing to interview Drug Enforcement Administration ("DEA") agents who would have testified that they withdrew from the investigation of the case due to lack of illegal activity by the Petitioner;

(2) The State violated his rights under *Brady v. Maryland*, 373 U.S. 83 (1963), when the State failed to disclose that officers from the Clovis Police Department admitted that they were not involved in the criminal investigation.  Petitioner asserts that disclosure of this information could have been used to impeach United States Air Force ("Air Force") witnesses at trial;

(3) The trial court violated his due process rights and right to a fair trial.  Petitioner alleges that the trial court was biased because, after denying an oral motion to dismiss and "demand[ing]" that Petitioner reach a plea agreement with the State, the Petitioner did not reach a plea agreement, and the trial court responded by feeling "disrespected" and denying Petitioner a fair trial;

(4) Petitioner's defense counsel, the trial court, and counsel for the State acted in concert to deprive him of his right to confront an Air Force witness who testified that the DEA was involved in the criminal investigation; and

(5) An Air Force investigator conducted an illegal search and seizure in violation of the

Fourth Amendment.

*See id.* at 3–4, 7–15.

Respondents filed their Answer to the Petition on October 11, 2011.  Respondents' Answer to Petition for Writ of Habeas Corpus (28 U.S.C. § 2254) [Doc. 10] ("Answer").  They asserted that the Petition was mixed, i.e., that Claims Two and Three are unexhausted and that the remaining claims are exhausted.  *Id.*

On February 29, 2012, Petitioner moved to stay and hold his federal Petition in abeyance to allow him time to exhaust his unexhausted claims.  Petitioner[']s Motion to Hold in Abeyance This Petition to Further Exhaust State Claims [Doc. 20].  Respondents did not oppose the motion, and the Court granted it on April 3, 2012.  Order Granting Petitioner's Motion to Hold in Abeyance [Doc. 22].  Counsel for Respondents then monitored the underlying criminal case to determine whether Petitioner pursued the exhaustion of state-court remedies.  Motion [Doc. 27] at 1 (Counsel "has continuously monitored, through www.nmcourts.com, the status of Petitioner's underlying criminal case . . . to ascertain whether or not Petitioner is diligently pursuing the exhaustion remedy."); *see also Binford v. United States*, 436 F.3d 1252, 1256 n.7 (10th Cir. 2006) (courts may take judicial notice of facts that are a matter of public record).  No such activity having been registered on the publicly available website as of November 28, 2012, Respondents requested that the Court order Petitioner to show good cause why the case should not be dismissed for failure diligently to pursue and exhaust state-court relief.  Motion [Doc. 27] at 3; [Doc. 27-1] at 1 (showing access date of the website).

Petitioner's Response to the Motion states that he has been transferred from Guadalupe County Correctional Facility ("GCCF") to the Penitentiary of New Mexico ("PNM"). Response [Doc. 28] at 1–2. Apparently, prison officials inventoried and stored Petitioner's property during the transfer. *Id.* at 2. When Petitioner again received his property, he realized that he had misplaced "some of his legal paperwork" pertaining to his federal Petition. *Id* at 2. He requested that GCCF staff forward those documents to him, and asserts that the delay was caused by these events. *Id.* at 3. Petitioner also states that he intends to pursue exhaustion of state-court remedies. *Id.* The Court takes notice that the docket for Petitioner's underlying state-court proceedings reflects that on December 27, 2012, Petitioner filed a petition for habeas corpus in the Ninth Judicial District Court of New Mexico.[2] *See* New Mexico State Judiciary Case Lookup for *State v. Gonzales*, Case No. D-905-CR-200700671, *available at* https://caselookup.nmcourts.gov/caselookup/app (accessed January 4, 2013); *see also Binford*, 436 F.3d at 1256 n.7 (courts may take judicial notice of facts that are a matter of public record).

## II.   <u>NON-EXHAUSTION</u>

A petitioner under 28 U.S.C. § 2254 must exhaust all available avenues of state-court remedies before a federal court may review those claims on their merits. 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears the applicant has exhausted the remedies available in the courts of the State . . . ."). A claim is exhausted where the state courts are given "the opportunity to pass upon and correct alleged violations of [their]

---

[2] The text of the docket entry reads: "12/27/2012 RPN: HABEAS CORPUS PETITION. Petition for Writ of Habeas Corpus to further exhaust State claims, Federal Court held Habeas in abeyance." Nowhere on the docket does it appear what claims Petitioner has raised in this most-recent state-court habeas petition, nor has Petitioner filed a document in the case at bar that indicates he filed the recent state-court petition to exhaust his unexhausted claims.

prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks omitted); *see also Byrd v. Workman*, 645 F.3d 1159, 1164 n.7 (10th Cir. 2011) (noting that a state's highest court must be presented with a claim before exhaustion occurs), *cert. denied*, 132 S. Ct. 763 (2011).

Respondents contend, and upon review of the Petition and Respondents' Answer thereto, the Court agrees, that two of Petitioner's five claims remain unexhausted. First, Petitioner's Claim Two asserts that the State violated his *Brady* rights when it failed to disclose testimony by Clovis Police Department officers that the local police did not participate in the underlying criminal investigation. Based on the Court's review of the record, including all exhibits attached to Respondents' Answer, Petitioner has never previously presented Claim Two to the state courts. Nor has Petitioner indicated in any filing that he has presented this claim before a state court. Even assuming, without finding, that Petitioner included Claim Two in the December 27, 2012 state-court habeas petition, it would not be exhausted until the New Mexico Supreme Court were presented with the claim. As this claim was never placed before the New Mexico Supreme Court, it is unexhausted and not ripe for this Court's review.

Likewise, Petitioner's Claim Three is also unexhausted. In it, Petitioner asserts that the state trial court violated his due process rights because it "resented [Petitioner's] refusal to [enter into a] plea." Petition [Doc. 1] at 12. This claim was raised for the first time in Petitioner's state habeas petition. *See* Petition for Writ of State Habeas Corpus . . . [Doc. 10-3] at 45. The state district court summarily denied the foregoing claim on May 9, 2011. Order Dismissing Petition for Writ of Habeas Corpus [Doc. 10-4] at 10. Afterward, Petitioner filed a petition for writ of certiorari to the New Mexico Supreme Court, but he did not include Claim Three. *See generally*

Petition for Writ of Certiorari [Doc. 10-4] at 1–9 (filed May 26, 2011). Therefore, Claim Three has not been fully exhausted and is not ripe for this Court's review.

## III.    ADDRESSING MIXED PETITIONS

Because the Petition includes both exhausted and unexhausted claims, it is a "mixed petition." *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). When a court is presented with a mixed petition, it may do one of four things:

> (1) dismiss the mixed petition in its entirety; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit.

*Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009) (internal citations omitted).

Because the Court agrees with Respondents that the majority of the Petition consists of admittedly exhausted claims, it appears that dismissal of the petition in its entirety would be inappropriate at this juncture. Likewise, the Court finds that ignoring the exhaustion requirement and denying the unexhausted claims on the merits would be ill-advised.

The Court should also reconsider its stay and abeyance at this point. A stay and abeyance approach for mixed petitions should only be available where the petitioner can: (1) show good cause for failing to present the claims before the state court in the first instance; and (2) show that his unexhausted claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). However, "[a] mixed petition should not be stayed indefinitely. . . . Without time limits, petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal

habeas review.  Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back."  *Id.* at 277–78.

Petitioner has failed to show good cause why the Court should continue to stay his Petition and hold it in abeyance.  Although Petitioner purports to show good cause for the delay in his Response [Doc. 28], he states only that "some of his legal paperwork" went missing during the transfer from GCCF to PNM, paperwork that was later found and "confiscated" by a prison official until Petitioner requested it be forwarded to him.  *Id.* at 2–3.  Petitioner's Response is devoid of any explanation as to what "legal paperwork" went missing, or how the missing "legal paperwork" prevented him from filing a state habeas to exhaust the two unexhausted grounds.  Nor does Petitioner explain how this series of events accounts for his failure to pursue state-court remedies in the *seven months* since the state court approved his motion for free process.  Indeed, Petitioner only seems to have been spurred to seek state-court relief when Respondents filed their Motion.  The December 27, 2012 state-court habeas petition does not cure Petitioner's failure to show good cause for the delay in pursuing that relief.  Accordingly, the Court finds that Petitioner has failed to show good cause why the stay should continue in his federal Petition.

As such, the Court recommends (1) that the stay on the Petition be lifted, and (2) that the Petitioner be given the opportunity to amend his federal Petition to withdraw the as-yet unexhausted claims.  The best procedure will be to require that Petitioner signify the withdrawal of Claims Two and Three via a **one-page document**.  Petitioner should be granted 30 days within which to file this document.  Failure to file within that time will lead to a dismissal of the entire Petition.

Petitioner may instead choose to return to a state court to present the unexhausted claims. If he so chooses, this action will be dismissed in its entirety. Petitioner is hereby advised that, in such a circumstance, the federal habeas one-year limitation period would apply to *all* of his claims, even those that are now exhausted and properly before this Court. *See generally Salazar v. Lemaster*, No. 04-2252, 130 F. App'x 208, 210, 2005 WL 488856 (10th Cir. March 3, 2005) (unpublished) (dismissing a § 2254 petition as untimely under similar circumstances).

## IV.    CONCLUSION

Petitioner's allegations that his *Brady* rights were violated because the State did not disclose testimony that local police officers did not participate in the criminal investigation, as detailed in Claim Two, and that the state trial court violated his due process rights when the court felt disrespected and denied Petitioner a fair trial, as detailed in Claim Three, are both unexhausted. He has failed to show good cause for his failure diligently to exhaust these claims before the state courts. The Court therefore recommends that Petitioner be required to withdraw these claims and proceed only on those that have been exhausted, i.e., Claims One, Four, and Five. In the alternative, Petitioner may choose to return to state court, fully aware of the constraints of the relevant statute of limitations, at which time this matter should be dismissed without prejudice.

**IT IS HEREBY RESPECTFULLY RECOMMENDED THAT**:

(1) If these proposed findings are adopted, the stay and abeyance on the Petition be lifted;

(2) If these proposed findings are adopted, Petitioner must file a **one-page certification** stating that he has elected to withdraw his unexhausted claims, **within 30 days** of the District Judge's Order adopting these findings; and

8

(3) If the proposed findings are adopted and Petitioner fails to file a certificate to withdraw

the unexhausted claims within 30 days of the District Judge's Order, he is put on notice

that his Petition may be dismissed and that the Antiterrorism and Effective Death Penalty

Act's statute of limitations applies to all claims brought in this action. *See* 28 U.S.C.

§ 2244(d) (setting forth the statute of limitations).

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

**STEPHAN M. VIDMAR**
**United States Magistrate Judge**