## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**RAYMOND M. GONZALES,**

  **Petitioner,**

**v.**           **No. 11-cv-0686 MCA/SMV**

**ERASMO BRAVO and**
**ATT'Y GEN. OF THE STATE OF N.M.,**

  **Respondents.**

### ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION AND GRANTING/DENYING PETITIONER'S MOTION TO AMEND

THIS MATTER is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 30] ("PF&RD"), and on Petitioner's Motion to Amend Federal Habeas Corpus [Petition] [Doc. 32] ("Motion").  The Court, being fully advised in the premises, will: (1) OVERRULE as moot Petitioner's Objections to the PF&RD [Doc. 31]; (2) ADOPT the PF&RD; (3) LIFT the stay and abeyance; and (4) GRANT in part and DENY in part Petitioner's Motion [Doc. 32].

### Background

Petitioner's federal habeas Petition, filed August 4, 2011, raised five claims.  Petition [Doc. 1] at 3–4, 7–15.  These claims were:

1.  That trial counsel was unconstitutionally ineffective by failing to properly investigate Drug Enforcement Administration ("DEA") agents who allegedly would have testified that they withdrew from the investigation of the case and that United States

Air Force agents took over, which would have shown a violation of the Posse Comitatus Act, 18 U.S.C. § 1385.  Petition [Doc. 1] at 7–9;

2.  That the prosecution violated Petitioner's rights under *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose that no officer from the Clovis Police Department was involved in the underlying criminal investigation, and that such disclosure would have shown that the criminal investigation was carried out in violation of the Posse Comitatus Act.  Petition [Doc. 1] at 9–11;

3.  That the trial judge was biased against him in violation of his due process rights because he denied Petitioner's motion to dismiss based on violation of the Posse Comitatus Act, and then "made attempts to force" Petitioner into a plea deal. However, when Petitioner refused the plea deal, the trial judge responded by "[feeling] slight disrespect[]" and allegedly denied him a fair trial.  Petition [Doc. 1] at 11–12;

4.  That Petitioner's trial counsel, the trial judge, and the prosecutor acted in concert to prevent Petitioner from confronting an Air Force witness in violation of his rights under the Confrontation Clause of the United States Constitution.  Petition [Doc. 1] at 13–14; and

5.  That an Air Force investigator conducted a search without a probable cause determination from a neutral magistrate, in violation of Petitioner's protections against unreasonable searches and seizures as guaranteed in the Fourth Amendment to the United States Constitution.  Petition [Doc. 1] at 14–15.

Respondents filed their Answer on October 11, 2011.  Respondents' Answer to Petition for Writ of Habeas Corpus . . . [Doc. 10].  They argued that the Petition was a "mixed" petition, containing both exhausted and unexhausted claims. *Id.* at 1.  Specifically, they argued that Claims Two and Three, as described above, had not been exhausted in state court. *Id.* at 7–8.  In response, on February 29, 2012, Petitioner moved the court to hold his Petition in abeyance "so that he [could] exhaust his claims in state court." [Doc. 20] at 1.  On April 3, 2012, the Honorable Stephan M. Vidmar, United States Magistrate Judge, granted the motion and entered a stay to allow Petitioner to exhaust the unexhausted claims.  Order Granting Petitioner's Motion to Hold in Abeyance [Doc. 22].  However, after nine months, Petitioner had not exhausted the claims.  Judge Vidmar therefore issued his PF&RD on January 4, 2013.  PF&RD [Doc. 30].  In his PF&RD, Judge Vidmar designated the claims as Claims One through Five (as described above) and found that Claims Two and Three were unexhausted.  *Id.* at 2–3, 5–6.  He recommended that the stay be lifted and that Petitioner be ordered to either withdraw his unexhausted claims or dismiss the entire Petition without prejudice. *Id.* at 8–9.

After first objecting to the PF&RD, Response with Objection[s] to Magistrate Judge[']s Proposed Findings and Recommended Disposition [Doc. 31], Petitioner subsequently filed the instant Motion, which seeks several different types of relief.  First, the Motion seeks to voluntarily withdraw the "unexhausted claims." Motion [Doc. 32] at 1.  I will grant the Motion to that extent and allow Petitioner to entirely withdraw Claim Three.  Second, Petitioner seeks the Court's permission to add certain documents to the record.  *Id.*  I will grant the Motion to that extent and allow Petitioner to supplement the record with the documents referenced in the Motion.  Third, the Motion seeks to amend one of the original and unexhausted claims. *Id.* The

proposed amendment modifies Claim Two such that it would directly assert that the underlying conviction was obtained pursuant to a violation of the Posse Comitatus Act18 U.S.C. § 1385, which the Court will refer to as the "PCA claim."  *Id.*  Because I find that the proposed amendment clarifies Claim Two, and it has been exhausted in state court, I will grant the Motion to that extent and allow Petitioner to amend with the PCA claim.  Finally, the Motion seeks to amend one of the original and already exhausted claims.  The proposed amendment is that the "*Brady* rule be applied to Claim One."[1]  *Id.*  I find, however, that the proposed change is not a clarification of Claim One, but rather an impermissible attempt to file a new, successive petition. Accordingly, I will deny the Motion to amend Claim One of the Petition.

## Discussion

### I.    Standards

#### a.  Liberal Construction of Pro Se Pleadings

Courts must construe a pro se litigant's pleadings liberally and hold them to a less stringent standard than is required of formal pleadings drafted by counsel.  *Weinbaum v. City of Las Cruces*, 541 F.3d 1017, 1029 (10th Cir. 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).  This requires a court to "reasonably read the pleadings to state a valid claim on which the [pro se litigant] could prevail . . . despite the [pro se litigant's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  "Nevertheless, conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."  *Id.*  Finally, a court "cannot take on the responsibility of serving as

---

[1] The Brady Rule, named for *Brady v. Maryland*, 373 U.S. 83 (1963), requires prosecutors to disclose material exculpatory evidence in the government's possession to the defense.  *Id.* at 87.

4

the [pro se] litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby, Connor, Maddox & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citing *Hall*, 935 F.2d at 1110).

### b.  Amending Federal Habeas Petitions

The statutory gatekeeping rules governing second or successive petitions appear to trump Fed. R. Civ. P. 15 and may preclude the district court's jurisdiction.  *See United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) ("[I]f the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading."); *United States v. Arriola-Perez*, 449 F. App'x 762, 765 (10th Cir. 2011) ("[Petitioner]'s amendments were new claims, and as such, his motion must be interpreted as a successive petition.") (citing *United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000)).  Appellate authorization may be required for an amended claim in a pending proceeding just as it would for a second or successive petition, if the proposed amendment is separate and distinct from the claims raised in the original petition:

> Indeed, § 2244(b)[, which precludes second or successive habeas applications,] may not be circumvented by injecting new claims into a habeas action even while it is still pending *in the district court*.  In *United States v. Espinoza-Saenz*, 235 F.3d 501 (10th Cir. 2000), we held that the district court correctly "treat[ed] [a] supplemental [§ 2255] motion as a successive petition instead of as an amendment which related back to his timely [original] motion," where it "was not clarifying, but instead sought to assert claims totally separate and distinct . . . from those raised in [the] original motion."

*Ochoa v. Sirmons*, 485 F.3d 538, 541 n.3 (10th Cir. 2007) (italics, ellipsis, and all but first brackets in original) (internal citations omitted).

Consequently, amendment to a habeas petition, "which, by way of additional facts, *clarifies or amplifies* a claim or theory in the [original motion] may . . . relate back to the date of [the original motion] if and only if the [original motion] was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case." *Espinoza-Saenz*, 235 F.3d at 505 (italics added) (internal citation omitted).  An amendment clarifies or amplifies an original motion if it is related in time and type to a claim raised in the original motion.  *See id.* at 504–505 (citing to cases in which amendment of federal habeas petitions was not permitted because the purported amended claims arose from occurrences distinguished by "time and type").  "To the extent [Petitioner] seeks to assert in the district court any new claims not already asserted in the habeas petition, he must follow the procedures set forth in 28 U.S.C. § 2244 for filing a second or successive § 2254 petition."  *In re Olesen*, 447 F. App'x 868, 871 n.4 (10th Cir. 2011) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 529–30 (2005)).

### c.  Exhaustion Under AEDPA

A petitioner under 28 U.S.C. § 2254 must exhaust all available avenues of state-court remedies before a federal court may review those claims on their merits.  28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears the applicant has exhausted the remedies available in the courts of the State . . . .").  A claim is exhausted where the state courts have been given "the opportunity to pass upon and correct alleged violations of [their] prisoners' federal rights."  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks omitted); *see also Byrd v. Workman*, 645 F.3d 1159, 1164 n.7

6

(10th Cir. 2011) (noting that a state's highest court must be presented with a claim before exhaustion occurs), *cert. denied*, 132 S. Ct. 763 (2011).

II.     **Analysis**

   a.  **The Court will Grant the Motion to Amend to the Extent that it Seeks to Supplement the Record and Withdraws His Unexhausted Claim.**

Petitioner seeks to supplement the record with the documents that are attached to his Motion.  Motion [Doc. 32] at 1.  He also seeks to withdraw Claim Three (described above), which Judge Vidmar found to be unexhausted.  *Id.*; PF&RD [Doc. 30] at 5–6.  The Court finds that both of these requests for relief are well-taken, and will therefore grant the Motion to that extent.

   b.  **The Court will Grant the Motion to Amend to the Extent it Seeks Leave to Amend Claim Two of the Petition with the Exhausted PCA Claim.**

The original Claim Two asserts that Petitioner's *Brady* rights were violated when the prosecutor failed to disclose conduct that amounted to an alleged violation of the Posse Comitatus Act.  Petition [Doc. 1] at 9–11.  Respondents contended that only the PCA-claim portion of Claim Two was exhausted.  Answer [Doc. 10] at 7.  They asserted, and Judge Vidmar agreed, that Claim Two was unexhausted because of the additional *Brady* rights element, which, taken as a whole with the PCA claim, meant that Claim Two was not exhausted in state court. Answer [Doc. 10] at 7–8; PF&RD [Doc. 30] at 5.  By his present Motion, Petitioner seeks to modify Claim Two so that all that is left is the PCA claim—that is, an assertion that his conviction was "obtained as a result of a blatant violation of 18 U.S.C. § 1385, 'the Posse Comitatus Act.'" Motion [Doc. 32] at 1.  The Court finds that the PCA claim is neither separate nor distinct from the original Claim Two, as it was already contained in Claim Two.  As such,

the purported amendment to Claim Two is a *clarification* of that claim, which is a permissible amendment.  *See Espinoza-Saenz*, 235 F.3d at 505.

The PCA claim was exhausted in proceedings below.  Petitioner expressly raised this claim to the Court of Appeals for the State of New Mexico.  Appeal from the Ninth Judicial District Court . . . [:] Appellant's Brief in Chief [Doc. 10-1] at 24, 35–49.  After the Court of Appeals denied his direct appeal, Petitioner filed a petition for writ of certiorari with the Supreme Court of the State of New Mexico.  Opinion [Doc. 10-2] at 58; Petition for Writ of Certiorari to the New Mexico Court of Appeals [Doc. 10-3] at 1.  His petition included the PCA claim.  Petition for Writ of Certiorari to the New Mexico Court of Appeals [Doc. 10-3] at 2, 7−11.  Indeed, Respondents conceded that the PCA claim was exhausted below.  Respondents' Answer to Petition for Writ of Habeas Corpus . . . [Doc. 10] at 7.  Therefore, the Court finds that the PCA claim was exhausted.   The Court will therefore grant the Motion to the extent that Petitioner seeks to modify Claim Two to be just the PCA claim, described as: "[Petitioner's] conviction was obtained as a result of a blatant violation of 18 U.S.C. [§ ]1385, 'the Posse Comitatus Act.'"  Motion [Doc. 32] at 1.

### c.  The Court Will Deny the Motion to Amend to the Extent it Seeks Leave to Amend Claim One of the Petition with the Unexhausted *Brady* Rule Claim.

Claim One of the Petition asserts that Petitioner's trial counsel was unconstitutionally ineffective for failing to investigate DEA agents who withdrew from the investigation of the underlying criminal case.  Petition [Doc. 1] at 7–9.  Claim One asserts further that had Petitioner's trial counsel questioned the DEA agents regarding their withdrawal from the investigation, the DEA agents' testimony would have been "exculpatory" in that it would have

demonstrated a violation of the Posse Comitatus Act. *Id.* Petitioner now seeks to "apply the *Brady* rule to Claim One." Motion [Doc. 32] at 1. The Court finds that the *Brady* rule claim is entirely separate and distinct from the ineffective-assistance-of-counsel claim set forth in the original Claim One, such that the purported amendment would constitute an improper successive petition. Put another way, grafting the *Brady* rule onto Claim One[2] would not clarify Claim One, but would instead amount to adding an entirely new claim to the Petition. *See in re Olesen*, 447 F. App'x at 871 n.4 (if a petitioner asserts new claims not already asserted in his federal habeas petition, he must follow the procedures set forth in 28 U.S.C. § 2244 for filing a second or successive petition) (citing *Gonzalez*, 545 U.S. at 529–30). The Court will therefore deny the Motion to the extent that Petitioner seeks to add the *Brady* rule to Claim One.

## Conclusion

Based on the foregoing, **IT IS HEREBEY ORDERED, ADJUDGED, AND DECREED** that:

1. Petitioner's Response with Objection[s] to Magistrate Judge[']s Proposed Findings and Recommended Disposition [Doc. 31] are **OVERRULED as moot**;

2. The Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 30] are **ADOPTED**;

3. The stay and abeyance is **LIFTED**;

---

[2] The Motion [Doc. 32] does not explain how the *Brady* rule would "apply" to Claim One, which is based on ineffective assistance of counsel. Left to speculate, the Court can only guess that Petitioner would like to claim that his trial counsel was constitutionally ineffective by failing to raise a *Brady* violation with respect to the DEA agents' withdrawal from the criminal investigation. *See Hall*, 935 F.2d at 1110 (courts must "reasonably read the pleadings to state a valid claim on which the [pro se litigant] could prevail"). If that is indeed the case, no such claim was exhausted in the state courts, per the Court's review of the pertinent record. *See Sharrieff v. Cathel*, 574 F.3d 225, 228 (10th Cir. 2009) (28 U.S.C. 2254(b)(3) mandates that the State *expressly* waive the exhaustion requirement, which requires more than merely failing to raise exhaustion as a defense.).

4. Petitioner's Motion to Amend Federal Habeas Corpus [Petition] [Doc. 32] is:

    a. **GRANTED** to the extent that Petitioner seeks to supplement the record with the documents that are attached to the Motion;

    b. **GRANTED** to the extent he seeks to withdraw Claim Three as unexhausted;

    c. **GRANTED** to the extent he seeks to amend Claim Two of his Petition so that all that remains of the Claim is the exhausted PCA claim; and

    d. **DENIED** to the extent he seeks to amend Claim One with the *Brady* rule because such amendment is an impermissible successive petition.

In summary, the resulting claims that constitute the Petition are now: Claim One, as originally pled; the PCA claim in lieu of Claim Two; and Claims Four and Five, as originally pled.

    **IT IS SO ORDERED**.

                                            _____

                                          **M. CHRISTINA ARMIJO**
                                          **Chief United States District Judge**