IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAYMOND M. GONZALES,

      Petitioner,

v.                                                    No. 11-cv-0686 MCA/SMV

ERASMO BRAVO and
ATTORNEY GENENERAL OF
THE STATE OF NEW MEXICO,

      Respondents.

**MAGISTRATE JUDGE'S**
**PROPOSED FINDINGS AND RECOMMEND DISPOSITION**

THIS MATTER is before the Court on Petitioner's [Original] Petition [Doc. 1], filed on August 4, 2011, and on his Amended Petition, *see* [Doc. 33], which was permitted by the Court on June 3, 2013.  Respondents answered on June 13, 2013.  [Doc. 37].  Petitioner filed a letter, which I construe as a reply, [Doc. 39], on June 26, 2013.  On March 19, 2013, the Court referred the case to the undersigned for analysis and a recommended disposition.  [Doc. 21].  Being fully advised in the premises, I find that Petitioner has failed to show that the state courts' decisions were contrary to, or involved an unreasonable application of, clearly established Federal law or were based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  *See* 28 U.S.C. § 2254.  Therefore, I recommend denying the Petition and dismissing the action with prejudice. Finally, I recommend denying Petitioner's request for an evidentiary hearing, [Doc. 17], because the claims were adjudicated on their merits by the state courts. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1398−99 (2011).

**Background**[1]

Petitioner was convicted on May 8, 2008, of three counts of distributing methamphetamine. The charges stemmed from a sting operation carried out by the United States Air Force Office of Special Investigations ("OSI") at Cannon Air Force Base ("the Base"), near Clovis, New Mexico. On the morning of trial, Defendant made an oral motion for dismissal of the charges because, he argued, the OSI's investigation violated the Posse Comitatus Act ("PCA"). 18 U.S.C. § 1385. (As explained in greater detail herein, the PCA limits the military's involvement in local law enforcement efforts.) The trial court took the motion under advisement and indicated that the issue would be revisited at trial and after the facts underlying the charges were more fully developed.

The pertinent evidence presented at trial showed the following. Jason McMackin, an OSI Agent at the Base, was in charge of investigating Petitioner. At the time of the trial, McMackin had served in the military for more than eight years and had focused on narcotics investigations for the last three of those years. One of OSI's responsibilities was to ensure the safety of military personnel at the Base. This entails periodic assessments of potential narcotics sources in the community surrounding the Base.

The investigation into Petitioner began when OSI received reports that airmen were obtaining narcotics from a local business called Solar Shield. During the investigation, McMackin utilized a confidential informant, airman Dustin Maples, who had a part-time job at Solar Shield. Petitioner's uncle also worked at Solar Shield, and the uncle arranged several

---

[1] Unless otherwise noted, this background section is taken from the New Mexico Court of Appeals' Opinion, affirming Petitioner's conviction. [Doc. 10-2] at 42–45.

meetings between Maples and Petitioner, during which Petitioner sold methamphetamine to Maples.  These transactions were monitored by McMackin and other OSI agents.

After each transaction, Maples turned over the methamphetamine to McMackin. McMackin performed field tests on the drugs and sent them to the United States Army Criminal Investigation Laboratory.   McMackin's field tests confirmed that the drugs were indeed methamphetamine, and the military forensic examiner who evaluated the drugs at the Army lab also confirmed this conclusion.

There was no testimony presented at trial regarding when, under what circumstances, or by whom Petitioner was arrested, nor did the parties brief the issue on direct appeal.  However, McMackin testified that the OSI conducts monthly reviews with the Clovis Police Department, the New Mexico State Police, or the Region Five task force.  He explained that when one of these law enforcement agencies has interest in one of OSI's targets, OSI passes that case off to the agency.  Prior to trial, there was some discussion in chambers regarding the "mingling" of local, federal, and military law enforcement in the investigation of Petitioner.  Specifically, the State proffered that both the Clovis Police Department and the federal Drug Enforcement Agency ("DEA") were involved in investigating Petitioner.

After the State rested its case at trial, Petitioner renewed his motion to dismiss based on violation of the PCA.  The trial court denied the motion.  It concluded that the PCA had not been violated because there was an appropriate military interest that justified OSI's investigation of Petitioner.  Petitioner was convicted on all three drug-trafficking charges.  He was sentenced as a habitual offender to a total term of 12 years' imprisonment with at least three years suspended in

3

favor of supervised probation.  Judgment, Sentence, and Order Determining Habitual Offender
Status [Doc. 10-1] at 1–3.

Through counsel, Petitioner appealed his conviction on May 21, 2008, based on the
PCA-violation argument.  The New Mexico Court of Appeals rejected Petitioner's arguments
and affirmed the convictions on September 28, 2010.

In a thorough opinion, the court explained that the PCA "makes it a criminal offense
to . . . willfully use any part of the . . . Air Force as a posse comitatus or otherwise execute the
laws."  [Doc. 10-2] at 47 (brackets omitted) (citing *New Mexico v. Cooper* 1998-NMCA-180,
¶ 13, 126 N.M. 500, 972 P.2d 1)).  However, "[w]here military involvement is limited and does
not invade the traditional functions of civilian law enforcement, such as in making arrests,
conducting searches or seizing evidence, the coordination of military efforts with those of
civilian law enforcement does not violate the PCA."  *Id.* (brackets omitted) (citing *Cooper*,
1998-NMCA-180, ¶ 13).

The Court of Appeals disagreed with the trial court regarding whether the PCA had been
violated.  *Id.*  The Court of Appeals held that the military's interests were irrelevant to the
question of whether a PCA violation had occurred.  *Id.*  Nevertheless, the court affirmed the
conviction on another ground.  *Id.* at 48.  Essentially, the Court of Appeals held that the proper
remedy for violation of the PCA did not include suppression, and therefore, the conviction was
affirmed, irrespective of any PCA violation.  *See id.*  Relying on *Cooper*, the Court of Appeals
held that because Petitioner failed to present evidence of "widespread and repeated" violations of
the PCA, the exclusionary rule did not apply, even if the PCA had been violated.  *Id.*  The court
found that Petitioner had more than one opportunity to present such evidence but did not do so.

4

*Id.* at 53–54.  Additionally, the court noted that Petitioner did not argue on appeal that he had been denied the opportunity to present such evidence or that, had he been given the opportunity, he could have shown that there were widespread and repeated violations of the PCA.[2] [Doc. 10-2] at 54–55.  Thus, the court rejected Petitioner's PCA argument.[3]

Petitioner filed a petitioner for a writ of certiorari, which the New Mexico Supreme Court denied on December 16, 2010.  [Doc. 10-3] at 37.

Petitioner then filed a pro se petition for the writ of habeas corpus in state court on March 24, 2011.  [Doc. 10-3] at 39–57.  The petition was denied by the state district court, and the state Supreme Court denied certiorari on June 8, 2011.  [Doc. 10-3] at 58–60, 29.

Petitioner filed his original Petition in this Court on August 4, 2011.   [Doc. 1]. Respondents answered on October 11, 2011, arguing that the Petition was "mixed," i.e., that it impermissibly contained both exhausted and unexhausted claims.   [Doc. 10].   Ultimately, Petitioner voluntarily withdrew the unexhausted claims and clarified one of his existing claims. *See* [Doc. 33].  Respondents filed an amended answer on June 13, 2013.  [Doc. 37].  The claims ripe before this Court are:

(1) Petitioner's conviction was obtained in violation of the PCA;

(2) Petitioner's trial counsel was unconstitutionally ineffective by failing to interview DEA agents who would have testified that they withdrew from the investigation of the case due to lack of illegal activity by the Petitioner;

(3) Petitioner's defense counsel, the trial court, and counsel for the State acted in concert to deprive him of his right to confront an

---

[2] The Honorable Timothy L. Garcia dissented because, as he saw it, the trial court had thwarted Petitioner's opportunity to present evidence of widespread and repeated violations of the PCA when it ruled that the military's interests justified OSI's involvement in the investigation.  [Doc. 10-2] at 61.

[3] The court also rejected two ineffective-assistance-of-counsel claims, neither of which is at issue here.  *See* [Doc. 10-2] at 56–57.

Air Force witness who testified that the DEA was involved in the criminal investigation; and

(4) An Air Force investigator conducted an illegal search and seizure in violation of the Fourth Amendment.

*See* [Doc. 33] (Order allowing some proposed amendments to the Petition but not others).

## Standard For § 2254 Habeas Petitions

The provisions of § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 ("AEDPA"), govern this case.[4]  A petition for habeas corpus under § 2254 attacks the constitutionality of a state prisoner's conviction and continued detention.  The Court cannot grant habeas relief pursuant to § 2254(d) unless the decision in a petitioner's state-court proceeding:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, *as determined by the Supreme Court of the United States*; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d) (emphasis added).  "Even if a state court resolves a claim in a summary fashion with little or no reasoning, [federal courts] owe deference to the state court's result."  *Paine v. Massie*, 339 F.3d 1194, 1198 (10th Cir. 2003).  The standard is "highly deferential" to state courts, and the Supreme Court has added that it is "difficult to meet," as it demands that state-court decisions be given the benefit of the doubt.  *Pinholster*, 131 S. Ct. at 1398 (citing *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)); *see also Black v. Workman*, 682 F.3d 880, 891 (10th Cir. 2012) ("Under [AEDPA] a federal court in a

---

[4]  Because this Petition was filed after the effective date of the AEDPA, its standards apply to guide this Court's determinations. *See, e.g., Abdul-Kabir v. Quarterman*, 550 U.S. 233, 246 (2007); *DeLozier v. Sirmons*, 531 F.3d 1306, 1319 (10th Cir. 2008).

§ 2254 proceeding must be exquisitely deferential to the state court's resolution of the [petitioner's] claims.").

The term "clearly established Federal law . . . . refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A state decision is "contrary to" Supreme Court precedent if it "applies a rule that contradicts the governing law set forth in [those] cases." *Id.* at 405. The Supreme Court has interpreted the term "contrary to" as meaning, *inter alia*, "diametrically different" and "opposite in character and nature." *Id.* Therefore, habeas relief under § 2254 may be granted only where the state court "applies a rule that contradicts the governing law set forth in Supreme Court cases," or if it "confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." *Price v. Vincent*, 538 U.S. 634, 640 (2003). Significantly, it is unnecessary for the state court to cite applicable Supreme Court cases or even to be aware of such cases, "so long as neither the reasoning nor the result of the state-court decision contradicts [that precedent]." *Early v. Packer*, 537 U.S. 3, 8 (2002).

A state decision makes an "unreasonable application" of Supreme Court precedent if it "identifies the correct governing legal principle from [the Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams,* 529 U.S. at 413. However, "[i]t is not enough that a federal habeas court, in its independent review of the legal question, is left with a firm conviction that the state court [applied] clearly established federal law erroneously or incorrectly." *Lockyer v. Andrade*, 538 U.S. 63, 75–76 (2003) (internal quotation

marks and citations omitted).  "Rather, that application must be objectively unreasonable."  *Id.*
at 76.

Pursuant to AEDPA, state-court findings of fact are "presumed to be correct."
§ 2254(e)(1).  Therefore, an application for a writ of habeas corpus that challenges a finding of
fact must be dismissed unless the petitioner can show by clear and convincing evidence that the
determination was factually erroneous.  *Id.*; *Wiggins v. Smith,* 539 U.S. 510, 528 (2003).

Courts must construe a pro se litigant's pleadings liberally and hold them to a less
stringent standard than is required of formal pleadings drafted by counsel.  *Weinbaum v. City of
Las Cruces*, 541 F.3d 1017, 1029 (10th Cir. 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110
(10th Cir. 1991)).  This requires a court to "reasonably read the pleadings to state a valid claim
on which the [pro se litigant] could prevail . . . despite the [pro se litigant's] failure to cite proper
legal authority, his confusion of various legal theories, his poor syntax and sentence construction,
or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  "Nevertheless,
conclusory allegations without supporting factual averments are insufficient to state a claim on
which relief can be based."  *Id.*  Finally, a court "cannot take on the responsibility of serving as
the [pro se] litigant's attorney in constructing arguments and searching the record."  *Garrett v.
Selby, Connor, Maddox & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citing *Hall*, 935 F.2d
at 1110).

Finally, where the state courts adjudicated a claim on the merits, federal courts are
limited to reviewing the record as it stood before the state courts.  § 2254(d).  That is, evidentiary
hearings are not permitted in federal court on that claims that the state courts decided on their
merits.  *Pinholster*, 131 S. Ct. at 1398–99 (citing § 2254(d)(1)); *Littlejohn v. Trammell*, 704 F.3d

817, 857 (10th Cir. 2013).  "'Adjudicated on the merits' has a well settled meaning:  a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other ground." *Wilson v. Workman*, 577 F.3d 1284, 1308 (10th Cir. 2009) (internal quotation marks omitted).  Thus, summary decisions, even those completely devoid of any reasoning at all, can constitute decisions "on the merits" for purposes of AEDPA.  *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011).

<u>Analysis</u>

Petitioner is not entitled to habeas corpus relief on any of his claims.  First, his PCA claim is not cognizable under § 2254.  Second, he fails to establish prejudice under *Strickland*, and his ineffective-assistance claim should be denied.  Third, his confrontation claim is vague and conclusory.  Finally, his Fourth Amendment claim is barred by *Stone*.  Thus, Petitioner fails to show that the state courts' decisions were contrary to, or involved an unreasonable application of, clearly established Federal law or were based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  *See* 28 U.S.C. § 2254.

## I.       The Posse Comitatus Act

Petitioner alleges that his conviction was "obtained as a result of a blatant violation of 18 U.S.C. § 1385, 'the Posse Comitatus Act.'" Motion [Doc. 32] at 1.  Further, he requests that "the copy of this state petition be added as an exhibit to prove the 'widespread and repeated' violations of [the PCA]." *Id.*  Petitioner's claim must fail for several reasons.

First, even if Petitioner were correct, and even if his conviction had been obtained in violation of the PCA, habeas relief would not be appropriate.  The remedy for violations of the PCA is a fine and jail time, not suppression of evidence.  *See* § 1385.

Although the *state* of New Mexico recognizes an exception under which suppression may be warranted—i.e., where there are widespread and repeated violations of the PCA, *see Cooper* 1998-NMC-180, ¶ 21—Petitioner fails to show that the *Supreme Court of the United States* recognizes such an exception.  Petitioner must show that the state courts' decisions unreasonably applied "clearly established Federal law, *as determined by the Supreme Court of the United States*."  28 U.S.C. § 2254(d) (emphasis added).  He has not done so.  In fact, I have found no Supreme Court authority applying the exclusionary rule to a violation of the PCA.  The Tenth Circuit has declined to address the issue.  *See United States v. Hutchings*, 127 F. 3d 1255, 1259 (10th Cir. 1997).  Because the PCA does not provide for suppression as a remedy, and because Petitioner has failed to cite any Supreme Court authority otherwise, habeas relief is not appropriate.  *See generally, Karan v. Hall*, 2008 U.S. Dist. LEXIS 66255, *12–13 (D. Ore. Aug. 26, 2008) (unpublished) (collecting cases holding that "suppression is not an appropriate remedy for violation of the [PCA]").

Moreover, even assuming *arguendo* that the exclusionary rule did apply to violations of the PCA, Petitioner's claim would still fail.  At no time, either before the state courts or before this Court, has Petitioner shown evidence of widespread and repeated violations of the PCA.  In fact, he has never alleged that he had any such evidence.  Although he repeatedly requested an evidentiary hearing, he has never explained what he intends to show at such a hearing.  He requested that his "state petition" be considered as evidence of widespread and repeated violations.  I have meticulously considered all of Petitioner's filings in this Court and in the state courts, and none establishes widespread or repeated violations of the PCA.  *See* [Doc. 10-1] at 10–22, 23–59; [Doc. 10-2] at 29–40; [Doc. 10-3] at 1–13, 39–57.  Therefore, even if the

10

alleged PCA violation were cognizable in habeas, Petitioner would not be entitled to the writ because he fails to show evidence of widespread and repeated violations of the PCA. Accordingly, this claim should be denied.

## II.      Ineffective Assistance of Counsel

Petitioner complains that his trial counsel was constitutionally ineffective for failing to investigate DEA agents, who would have told attorney that "the DEA withdrew from the case because there was no[] illegal activity[,] leaving the air force with no[] jurisdiction. . . The DEA would have supported [the] contention that the air force violated the [PCA]."  [Doc. 1] at 7. Petitioner alleges that he "demanded" that his attorney "call all parties of air force and DEA agents that had personal knowledge of evidentiary matters."  [Doc. 1] at 7–9.  He asks for an evidentiary hearing before this Court on the issue of ineffective assistance of counsel.

In evaluating a claim for ineffective assistance of counsel, a court must apply the two-pronged standard established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  To prevail, a movant must show that (a) his attorney's performance fell below an objective standard of reasonableness, and (b) he was prejudiced by the attorney's deficient performance.  *Id.* at 687–88.  Both showings must be made to satisfy the *Strickland* standard.  *Id.* at 687.  To demonstrate prejudice, the movant must show that there is a reasonable probability, sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different but for his attorney's alleged unprofessional errors.  *Id.* at 694.  The court is not required to address both prongs of the *Strickland* standard if the movant makes an insufficient showing on one of the prongs.  *Id.* at 697; *United States v. Gonzalez*, 596 F.3d 1228, 1233 (10th Cir. 2010).

Petitioner fails to show how the state courts' decisions on his ineffective-assistance-of-counsel claim were contrary to federal law or based on an unreasonable determination of the facts in light of the evidence.  *See* § 2254.  Petitioner's claim here, even if true, fails to establish prejudice under *Strickland*.  He argues that if his counsel had interviewed the DEA agents, their statements would have supported his PCA-violation claim.  He explains that the agents would have verified that they "withdrew from the case because there was no[] illegal activity[,] leaving the air force with no[] jurisdiction[.]"  [Doc. 1] at 7.  As explained above, the remedy for violating the PCA is not suppression, but a fine and/or a term of imprisonment.  Therefore, even if counsel's conduct had been unreasonable, as Petitioner argues—which I do not find— Petitioner fails to show that the outcome of the proceedings would have been different but for counsel's conduct.  His claim, therefore, is without merit.

### III.   Denial of Right to Confront Witnesses

Petitioner alleges that his defense counsel, the trial court, and the prosecutor acted in concert to deprive him of his right to confront an Air Force witness who testified that the DEA was involved in the criminal investigation.  [Doc. 1] at 12–13.  According to Petitioner, Agent McMackin testified the DEA was involved in the investigation, and an Agent Harrison and a Colonel Harris had "personal knowledge of disputed evidentiary matters."  *Id.* Agent McMackin also purportedly testified Colonel Harris was "in charge of the operation."  *Id.* Petitioner lists some general questions that he would have asked of these witnesses, but otherwise, he does not explain his claim further.[5]  *See id.*

---

[5] Petitioner lists certain questions that he wanted to ask of these witnesses, such as "[1] When did the Air Force receive the authority to investigate [Petitioner?] [2] When did the DEA become involved? [3] When did the DEA withdraw from the investigation? [4] What detectives from the Clovis Police Department were involved in the investigation, etc."  [Doc. 1] at 13.

Generally, criminal defendants have the right to confront the witnesses against them. U.S. CONST. amend. VI. "Restrictions on a criminal defendant's rights to confront adverse witnesses and to present evidence may not be arbitrary or disproportionate to the purposes they are designed to serve." *Michigan v. Lucas*, 500 U.S. 145, 151 (1991) (internal quotation marks omitted).

Here, however, Petitioner's claim does not amount to a violation of his right to confrontation. First, the allegation that his attorney, the prosecutor, and the trial court "acted in concert" to deprive him of his right to confront the witnesses is wholly conclusory. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."). Second, Petitioner fails to explain *how* he was allegedly deprived of his right to confront witnesses or, importantly, what difference such confrontation would have made. Petitioner's claim fails to show that the state courts unreasonably applied federal law or unreasonably determined the facts in light of the evidence. The claim should be denied.

### IV.   Fourth Amendment Violation

Petitioner asserts that Agent McMackin conducted an illegal search that tuned up crack cocaine,[6] leading to his conviction. [Doc. 1] at 14–16. Petitioner argues that the search violated the Fourth Amendment because Agent McMackin did not first obtain a warrant from a neutral and detached magistrate. *Id.* Respondents counter that this claim barred by *Stone v. Powell*, 428 U.S. 465, 494 (1976), because Petitioner had a "full and fair opportunity" to litigate the claim below. [Doc. 37] at 8 (citing *Matthews v. Workman*, 577 F.3d 1175, 1194 (10th Cir. 2009)).

---

[6] I find no other reference to crack cocaine in the record. *See* [Doc. 10-1] at 1, 42–45. Rather, the record seems to refer only to methamphetamine, not to crack cocaine. *See id.*

13

Here, Petitioner fails to show that he did not have a "full and fair opportunity" to litigate his Fourth Amendment claim in state court.  In fact, it is clear that he raised the claim in his state-court habeas petition, and the claim was rejected.  *Cf. United States v. Lee Vang Lor*, 706 F.3d 1252, (10th Cir. 2013) ("[H]abeas corpus relief is unavailable as long as the Government afforded an *opportunity* for full and fair litigation of a Fourth Amendment claim.  Absent ineffective assistance of counsel or government concealment, a defendant cannot claim that the mere existence of undiscovered material evidence deprived him of an *opportunity* to litigate his claim."), *petition for cert. filed* (May 30, 2013).  There is nothing in the record before me indicating that trial or appellate counsel was constitutionally ineffective in failing to raise the Fourth Amendment issue at trial or on direct appeal.  *See id.*  There is nothing in the record indicating that the government concealed any evidence related to the allegedly improper search. *See id.*  There is nothing in the record indicating that the state courts applied the wrong legal standard to the claim.  *See Gamble v. Oklahoma*, 583 F.2d 1161, 1163 (10th Cir. 1978) (holding that *Stone* bar does not apply where state court applied incorrect legal standard to Fourth Amendment claim).  Petitioner does not argue otherwise.  Thus, the claim is barred by *Stone* and should be denied.

Alternatively, even if the claim were not barred by *Stone*, it would still fail.  Even if, as Petitioner alleges, Agent McMackin failed to obtain a warrant, Petitioner would not be entitled to relief because warrantless searches and seizures can be perfectly permissible. For example, where the officer has consent, a warrant is not constitutionally required.  Petitioner has not alleged facts—much less presented any evidence—to show that any search was unconstitutional

or that the state courts erred in so holding. Therefore, even if his claim were not barred by *Stone*, it would still fail.

## Conclusion

Petitioner is not entitled to habeas corpus relief on any of his claims. First, his PCA claim is not cognizable under § 2254. Second, he fails to establish prejudice under *Strickland*. Third, his confrontation claim is vague and conclusory. Finally, his Fourth Amendment claim is barred by *Stone*. Therefore, Petitioner fails to show that the state courts' decisions were contrary to, or involved an unreasonable application of, clearly established Federal law or were based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *See* 28 U.S.C. § 2254. I recommend denying Petitioner's request for an evidentiary hearing, [Doc. 17], because the claims were adjudicated on their merits by the state courts, which bars any hearing in federal court. *See Pinholster*, 131 S. Ct. 1388, 1398−99. Finally, I recommend denying the Petition and dismissing the action with prejudice.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that both Petitioner's [Original] Petition [Doc. 1] and his Amended Petition, *see* [Doc. 33], be **DENIED** and that this case be **DISMISSED with prejudice**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

**STEPHAN M. VIDMAR**
**United States Magistrate Judge**