IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAYMOND M. GONZALES,

    Petitioner,

v.                                                                                    No. 11-cv-0686 MCA/SMV

ERASMO BRAVO and
ATTORNEY GENENERAL OF
THE STATE OF NEW MEXICO,

    Respondents.

### ORDER ADOPTING MAGISTRATE JUDGE'S
### PROPOSED FINDINGS AND RECOMMEND DISPOSITION

THIS MATTER is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 40] ("PF&RD"), issued on September 27, 2013. On reference by the Court, [Doc. 21], the Honorable Stephan M. Vidmar, United States Magistrate Judge, recommended denying the underlying Petition, *see* [Docs. 1, 32, 33], for habeas corpus relief on its merits, denying the request for an evidentiary hearing under *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398−99 (2011), and dismissing this case with prejudice. Petitioner objected to the PF&RD on October 21, 2013, [Doc. 42], and the Court has reviewed de novo the portions of the PF&RD to which Petitioner objected. Having reviewed the briefing, the entire record, the relevant law, and being otherwise fully advised in the premises, the Court finds that Petitioner has failed to show that the state courts' decisions were contrary to, or involved an unreasonable application of, clearly established Federal law or were based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *See* 28 U.S.C. § 2254. Accordingly, the Court will overrule the objections, adopt the PF&RD, deny the

Petition, deny the requests for an evidentiary hearing and for counsel, and dismiss the action with prejudice.

## **Background**[1]

Petitioner was convicted on May 8, 2008, of three counts of distributing methamphetamine. The charges stemmed from a sting operation carried out by the United States Air Force Office of Special Investigations ("OSI") at Cannon Air Force Base ("the Base"), near Clovis, New Mexico. On the morning of trial, Defendant made an oral motion for dismissal of the charges because, he argued, the OSI's investigation violated the Posse Comitatus Act ("PCA"). 18 U.S.C. § 1385. (As explained in greater detail herein, the PCA limits the military's involvement in local law enforcement efforts.) The trial court took the motion under advisement and indicated that the issue would be revisited at trial and after the facts underlying the charges were more fully developed.

The pertinent evidence presented at trial showed the following. Jason McMackin, an OSI Agent at the Base, was in charge of investigating Petitioner. At the time of the trial, McMackin had served in the military for more than eight years and had focused on narcotics investigations for the last three of those years. One of OSI's responsibilities was to ensure the safety of military personnel at the Base. This entails periodic assessments of potential narcotics sources in the community surrounding the Base.

The investigation into Petitioner began when OSI received reports that airmen were obtaining narcotics from a local business called Solar Shield. During the investigation, McMackin utilized a confidential informant, airman Dustin Maples, who had a part-time job at

---

[1] Unless otherwise noted, this background section is taken from the New Mexico Court of Appeals' Opinion, affirming Petitioner's conviction. [Doc. 10-2] at 42–45.

Solar Shield.  Petitioner's uncle also worked at Solar Shield, and the uncle arranged several meetings between Maples and Petitioner, during which Petitioner sold methamphetamine to Maples.  These transactions were monitored by McMackin and other OSI agents.

After each transaction, Maples turned over the methamphetamine to McMackin.  McMackin performed field tests on the drugs and sent them to the United States Army Criminal Investigation Laboratory.  McMackin's field tests confirmed that the drugs were indeed methamphetamine, and the military forensic examiner who evaluated the drugs at the Army lab also confirmed this conclusion.

There was no testimony presented at trial regarding when, under what circumstances, or by whom Petitioner was arrested, nor did the parties brief the issue on direct appeal.  However, McMackin testified that the OSI conducts monthly reviews with the Clovis Police Department, the New Mexico State Police, or the Region Five task force.  He explained that when one of these law enforcement agencies has interest in one of OSI's targets, OSI passes that case off to the agency.  Prior to trial, there was some discussion in chambers regarding the "mingling" of local, federal, and military law enforcement in the investigation of Petitioner.  Specifically, the State proffered that both the Clovis Police Department and the federal Drug Enforcement Administration ("DEA") were involved in investigating Petitioner.

After the State rested its case at trial, Petitioner renewed his motion to dismiss based on violation of the PCA.  The trial court denied the motion.  It concluded that the PCA had not been violated because there was an appropriate military interest that justified OSI's investigation of Petitioner.  Petitioner was convicted on all three drug-trafficking charges.  He was sentenced as a habitual offender to a total term of 12 years' imprisonment with at least three years suspended in

favor of supervised probation. Judgment, Sentence, and Order Determining Habitual Offender Status [Doc. 10-1] at 1–3.

Through counsel, Petitioner appealed his conviction on May 21, 2008, based on the PCA-violation argument. The New Mexico Court of Appeals rejected Petitioner's arguments and affirmed the convictions on September 28, 2010.

In a thorough opinion, the court explained that the PCA "makes it a criminal offense to . . . willfully use any part of the . . . Air Force as a posse comitatus or otherwise execute the laws." [Doc. 10-2] at 47 (brackets omitted) (citing *New Mexico v. Cooper* 1998-NMCA-180, ¶ 13, 126 N.M. 500, 972 P.2d 1)). However, "[w]here military involvement is limited and does not invade the traditional functions of civilian law enforcement, such as in making arrests, conducting searches or seizing evidence, the coordination of military efforts with those of civilian law enforcement does not violate the PCA." *Id.* (brackets omitted) (citing *Cooper*, 1998-NMCA-180, ¶ 13).

The Court of Appeals disagreed with the trial court regarding whether the PCA had been violated. *Id.* The Court of Appeals held that the military's interests were irrelevant to the question of whether a PCA violation had occurred. *Id.* Nevertheless, the court affirmed the conviction on another ground. *Id.* at 48. Essentially, the Court of Appeals held that the proper remedy for violation of the PCA did not include suppression, and therefore, the conviction was affirmed, irrespective of any PCA violation. *See id.* Relying on *Cooper*, the Court of Appeals held that because Petitioner failed to present evidence of "widespread and repeated" violations of the PCA, the exclusionary rule did not apply, even if the PCA had been violated. *Id.* The court found that Petitioner had more than one opportunity to present such evidence but did not do so.

*Id.* at 53–54. Additionally, the court noted that Petitioner did not argue on appeal that he had been denied the opportunity to present such evidence or that, had he been given the opportunity, he could have shown that there were widespread and repeated violations of the PCA.[2] [Doc. 10-2] at 54–55. Thus, the court rejected Petitioner's PCA argument.[3]

Petitioner filed a petition for a writ of certiorari, which the New Mexico Supreme Court denied on December 16, 2010. [Doc. 10-3] at 37.

Petitioner then filed a pro se petition for the writ of habeas corpus in state court on March 24, 2011. [Doc. 10-3] at 39–57. The petition was denied by the state district court, and the state Supreme Court denied certiorari on June 8, 2011. [Doc. 10-3] at 58–60, 29.

Petitioner filed his original Petition in this Court on August 4, 2011. [Doc. 1]. Respondents answered on October 11, 2011, arguing that the Petition was "mixed," i.e., that it impermissibly contained both exhausted and unexhausted claims. [Doc. 10]. Ultimately, Petitioner voluntarily withdrew the unexhausted claims and clarified one of his existing claims. *See* [Doc. 33]. Respondents filed an amended answer on June 13, 2013. [Doc. 37]. The claims ripe before this Court are:

> (1) Petitioner's conviction was obtained in violation of the PCA;
>
> (2) Petitioner's trial counsel was unconstitutionally ineffective by failing to interview DEA agents who would have testified that they withdrew from the investigation of the case due to lack of illegal activity by the Petitioner;
>
> (3) Petitioner's defense counsel, the trial court, and counsel for the State acted in concert to deprive him of his right to confront an

---

[2] The Honorable Timothy L. Garcia dissented because, as he saw it, the trial court had thwarted Petitioner's opportunity to present evidence of widespread and repeated violations of the PCA when it ruled that the military's interests justified OSI's involvement in the investigation. [Doc. 10-2] at 61.
[3] The court also rejected two ineffective-assistance-of-counsel claims, neither of which is at issue here. *See* [Doc. 10-2] at 56–57.

> Air Force witness who testified that the DEA was involved in the criminal investigation; and
>
> (4) An Air Force investigator conducted an illegal search and seizure in violation of the Fourth Amendment.

*See* [Doc. 33] (Order allowing some proposed amendments to the Petition but not others).

Judge Vidmar found that Petitioner was not entitled to habeas corpus relief on any of his claims. [Doc. 40] at 9–15. First, Judge Vidmar found that the PCA claim was not cognizable under § 2254. *Id.* at 9–11. He reasoned that, even if Petitioner were correct, and even if his conviction had been obtained in violation of the PCA, habeas relief would not be appropriate because the remedy for violations of the PCA is a fine and jail time, not suppression of evidence. *Id.* at 9 (citing § 1385). Judge Vidmar went on to explain that although the state of New Mexico recognized an exception under which suppression may be warranted—i.e., where there are widespread and repeated violations of the PCA, *see Cooper*, 1998-NMCA-180, ¶ 21—Petitioner failed to show that the *Supreme Court of the United States* recognizes such an exception. *Id.* at 10. Petitioner must show that the state courts' decisions unreasonably applied "clearly established Federal law, *as determined by the Supreme Court of the United States*." *Id.* (quoting 28 U.S.C. § 2254(d) (emphasis added)). Judge Vidmar found that Petitioner had not done so. *Id.* Additionally, Judge Vidmar found that even if the exclusionary rule did apply in this case, Petitioner had never shown evidence of widespread and repeated violations of the PCA. *Id.* Accordingly, he recommended that the PCA claim be denied. *Id.*

Second, Judge Vidmar found that Petitioner failed to establish prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984). [Doc. 40] at 11–12. Petitioner alleged that his trial counsel was ineffective for failing to investigate DEA agents who, Petitioner claims, would have verified

that the PCA had been violated.  [Doc. 1] at 7–9.  Judge Vidmar found that, even assuming *arguendo* that trial counsel had been deficient, Petitioner could not show that the outcome of his criminal proceedings would have been different but for counsel's failures because the exclusionary rule does not apply to violations of the PCA.  [Doc. 40] at 12.  Thus, he recommended denying Petitioner's ineffective-assistance-of-counsel claim.  *Id.*

Third, Judge Vidmar found that Petitioner's confrontation claim was vague and conclusory.  *Id.* at 12–13.  He found that Petitioner's allegation that his attorney, the prosecutor, and the trial court "acted in concert" to deprive him of his right to confront the witnesses was wholly conclusory.  *Id.* at 12–13 (quoting [Doc. 1] at 13, and citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.")).  Judge Vidmar further found that Petitioner failed to explain *how* he was allegedly deprived of his right to confront witnesses or, importantly, what difference such confrontation would have made.  *Id.*  Judge Vidmar recommended denying the claim because Petitioner failed to show that the state courts unreasonably applied federal law or unreasonably determined the facts in light of the evidence.  *Id.*

Finally, Judge Vidmar found that Petitioner's Fourth Amendment claim was barred by *Stone v. Powell*, 428 U.S. 465, 494 (1976).  [Doc. 40] at 13–15.  Petitioner claimed that Agent McMackin conducted an illegal search, the fruits of which led to Petitioner's conviction.  *Id.* at 13 (citing [Doc. 1] at 14–16).  However, Judge Vidmar found that because Petitioner had a "full and fair opportunity" to litigate the claim below, his claim in this court was barred by *Stone* and should be denied.  [Doc. 40] at 13–15.

Ultimately, Judge Vidmar found that Petitioner failed to show that the state courts' decisions were contrary to, or involved an unreasonable application of, clearly established Federal law or were based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Accordingly, he recommended denying habeas relief and dismissing the action with prejudice. *Id.* at 15 (citing 28 U.S.C. § 2254).

**Standard for § 2254 Habeas Petitions**

The provisions of 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 ("AEDPA"), govern this case.[4] A petition for habeas corpus under 28 U.S.C. § 2254 attacks the constitutionality of a state prisoner's conviction and continued detention. The Court cannot grant habeas relief pursuant to § 2254(d) unless the decision in a petitioner's state-court proceeding:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The standard is "highly deferential" to state courts, and the Supreme Court has added that it is "difficult to meet," as it demands that state-court decisions be given the benefit of the doubt. *Pinholster*, 131 S. Ct. at 1398 (citing *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011); *see also Black v. Workman*, 682 F.3d 880, 891 (10th Cir. 2012) ("Under [AEDPA] a federal court in a § 2254 proceeding must be exquisitely deferential to the state court's resolution of the [petitioner's] claims.").

---

[4] Because this Petition was filed after the effective date of the AEDPA, its standards apply to guide this Court's determinations. *See, e.g., Abdul-Kabir v. Quarterman*, 550 U.S. 233, 246 (2007).

**Standard of Review for
Objections to Magistrate Judge's Recommendations**

A district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which is objection is made." 28 U.S.C. § 636(b)(1). "[O]bjections to the magistrate judge's report must be both timely and specific to preserve an issue for de novo review by the district court[.]" *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

**Analysis**

Petitioner's central objection is that Judge Vidmar erred in finding that he did not show "wide spread [sic] & repeated violations by the Air Force which will merit the exclusionary rule & suppression of the evidence & dismissal of the charges." [Doc. 42] at 1. Petitioner makes no other objection to the PF&RD. *See* [Doc. 42].

On de novo review of the portions of the PF&RD to which Petitioner objects, the Court is not persuaded that Petitioner is entitled to relief under § 2254. The Court has reviewed the cases and congressional report that Petitioner cites, but none is persuasive.[5] In order to succeed, Petitioner must show that the decisions of the New Mexico state courts unreasonably applied "clearly established Federal law, *as determined by the Supreme Court of the United States*." 28

---

[5] *Hawai'i v. Pattioay*, 896 P.2d 911, 924 (Haw. 1995) (suppressing evidence gathered in violation of the PCA on "independent and compelling state grounds"); *Taylor v. Oklahoma*, 645 P.2d 522 (Okla. Crim. App. 1982) (applying Oklahoma's own exception to the general rule that violation of the PCA does not trigger exclusion and suppressing evidence gathered in violation of PCA where military officer assumed far greater authority than an private citizen); *United States v. Walden*, 490 F.2d 372 (4th Cir. 1974) (recognizing that exclusionary rule may be applied to evidence gathered in violation of PCA if there is evidence of widespread or repeated violations of the PCA); *United States v. Hartley*, 678 F.2d 961, 978 (11th Cir. 1982) (finding no violation of PCA and declining to suppress evidence); *United States v. Hartley*, 769 F.2d 112, 115 (5th Cir. 1986) ("reject[ing] . . . contention that the violation of the [PCA] warrant[ed] application of the exclusionary rule"); CHARLES DOYLE, CONG. RESEARCH SERV., 95-964 S, THE POSSE COMITATUS ACT AND RELATED MATTERS: THE USE OF THE MILITARY TO EXECUTE CIVILIAN LAW 48–49 (2000) (discussing exclusion as remedy for PCA violations).

U.S.C. § 2254(d) (emphasis added).  Petitioner cites no Supreme Court case requiring suppression of evidence gathered in violation of the PCA, and the Court finds none.  Suppression of evidence is simply not a remedy for violations of the PCA.

Petitioner's extensive arguments regarding widespread and repeated violations are inconsequential.  Although the *state* of New Mexico may suppress evidence gathered in violation of the PCA where there are "widespread and repeated violations" of the PCA, the *Supreme Court* has recognized no such rule.  Thus, even if Petitioner had shown widespread and repeated violations of the PCA—which the Court does not find—Petitioner's claim would still fail.  In order to merit habeas relief, Petitioner must show that the state court decisions violated Supreme Court precedent.  He has failed to do so, and relief is not appropriate.

## Conclusion

Petitioner is not entitled to habeas corpus relief on any of his claims.  First, his PCA claim is not cognizable under § 2254.  Second, he fails to establish prejudice under *Strickland*.  Third, his confrontation claim is vague and conclusory.  Finally, his Fourth Amendment claim is barred by *Stone*.  Therefore, Petitioner fails to show that the state courts' decisions were contrary to, or involved an unreasonable application of, clearly established Federal law or were based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  *See* 28 U.S.C. § 2254.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Petitioner's Objections . . . [Doc. 42] are OVERRULED.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 40] are **ADOPTED**.

**IT IS FUTHER ORDERED** that both Petitioner's [Original] Petition [Doc. 1] and his Amended Petition, *see* [Doc. 33], are **DENIED**.

**IT IS FUTHER ORDERED** that Petitioner's requests for an evidentiary hearing [Docs. 17, 19] and [Doc. 42] at 12, and his request for appointment of counsel [Doc. 42] at 12 are **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**